# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TONYA CLAY, et al.,** | ) |
| | ) CASE NO. 1:18-CV-02929 |
| | ) |
| Plaintiff, | ) JUDGE SOLOMON OLIVER, JR. |
| | ) |
| | ) **DEFENDANTS CUYAHOGA** |
| v. | ) **COUNTY, ARMOND BUDDISH,** |
| | ) **CLIFFORD PINKNEY, ERIC** |
| | ) **IVEY, GEORGE TAYLOR, AND** |
| **CUYAHOGA COUNTY, OHIO et al.,** | ) **BRANDY CARNEY'S ANSWER** |
| | ) **AND DEFENSES TO PLAINTIFFS'** |
| | ) **COMPLAINT** |
| Defendants. | ) |
| | ) (Jury demand endorsed herein) |

Defendants Cuyahoga County, Armond Buddish, Clifford Pinkney, Eric Ivey, George Taylor, and Brandy Carney (collectively "Defendants") submit the following answers and defenses to Plaintiffs' Class Action Complaint ("Complaint"):

## INTRODUCTION

1. The first two numbered paragraphs of Plaintiffs' Complaint are comprised of self-serving, conclusory allegations and statements of purported fact that do not require a response from Defendants. Notwithstanding, Defendants deny all allegations contained in paragraphs 1 and 2.

## JURISDICTION AND VENUE

2. In response to the allegations contained in Paragraph 3, Defendants deny that this Court has jurisdiction over some or all of the Plaintiffs' claims. Defendants deny the remaining allegations contained in Paragraph 3 because the allegations call for a legal conclusion or Defendants

1

lack knowledge or information sufficient to form a belief whether the allegations contained in paragraph 3 are true.

3. Defendants lack knowledge or information sufficient to form a belief whether the allegations contained in paragraph 4 are true.

## PARTIES

4. In response to Paragraph 5 of Plaintiffs' Complaint, Defendants admit that Tonya Clay is presently a pretrial detained in the Cuyahoga County Corrections Center (CCCC). Defendants lack knowledge or information sufficient to form a belief whether the remaining allegations contained in paragraph 5 are true.

5. Defendants deny the allegations contained in paragraphs 6, 7, 8, and 9.

6. Defendants admit that Kindell Smith is presently a pretrial detainee in the CCCC. Defendants deny the remaining allegations contained in paragraph 10.

7. In response to the allegations contained in paragraph 11 of the Complaint, Defendants state that Jovan Varner is presently a pretrial detainee in the CCCC. Defendants deny the remaining allegations contained in paragraph 11.

8. In response to the allegations contained in paragraph 12, Defendants admit that Cuyahoga County is a political subdivision of the State of Ohio. Defendants further admit that Clifford Pinkney, Eric Ivey, George Taylor, and Brandy Carney are employees of Cuyahoga County. Defendants deny the allegations contained in paragraph 12 to the extent they call for legal conclusions. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12.

9. In response to the allegations contained in paragraph 13, Defendants admit that Armond Budish is the Cuyahoga County Executive. Defendants deny the allegation in paragraph 13

to the extent they call for legal conclusions. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13.

10. In response to the allegations contained in paragraph 14 of the Complaint, Defendants admit that Clifford Pinkney is the Sheriff of Cuyahoga County and is responsible for operations at CCCC. Defendants deny the allegations in paragraph 14 to the extent they call for legal conclusions. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14.

11. In response to the allegation contained in paragraph 15 of the Complaint, Defendants deny that Eric Ivey is the Warden of CCCC. Defendants deny the allegations in paragraph 15 to the extent they call for legal conclusions. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 15

12. In response to the allegation contained in paragraph 16 of the Complaint, Defendants admit that George Taylor is the Interim Director of the County Jails. Defendants deny the allegations in paragraph 16 to the extent they call for legal conclusions. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 16.

13. In response to the allegation contained in paragraph 17 of the Complaint, Defendants admit that Brady Carney is the Chief Public Safety & Justice Services Officer for Cuyahoga County. Defendants deny the allegations in paragraph 17 to the extent they call for legal conclusions. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 17.

14. In response to the allegation contained in paragraph 18 of the Complaint, Defendants admit that Thomas Tallman, DO is the Medical Director of the MetroHealth Correctional Health Program. Defendants deny the allegations in paragraph 18 to the extent they call for legal

conclusions. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18.

15. In response to paragraph 19 of the Complaint, Defendants admit that MetroHealth System is a political subdivision of the State of Ohio, and that there is an agreement with MetroHealth System. Defendants deny the allegations in paragraph 19 to the extent they call for legal conclusions. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19.

## FACTS

16. In response to paragraph 20, Defendants admit that they have responsibilities related to the CCCC and inmates/detainees therein. Defendants further admit that they have to comply with federal and Ohio law where applicable. Defendants deny the remaining allegations in paragraph 20 to the extent they call for legal conclusions. Defendants deny the remaining allegations contained in paragraph 20.

17. Defendants deny the allegations contained in paragraphs 21 and 22.

18. In response to the allegations contained in paragraph 23, Defendants admit that it had a jail facility located at or near East 21st Street and Payne Avenue. Defendants further admit that it was previously under federal court monitoring, that new jail facilities were built that are in use today (e.g., Jail I and II), and that inmates are housed in Jail I and II. Defendants deny the remaining allegations or representations made in the allegations contained in paragraph 23.

19. In response to the allegations contained in paragraph 24, Defendants state that the decision in *Sykes, et al. v. Krieger, et al.* speaks for itself. Defendants deny the remaining allegations or representations made in the allegations contained in paragraph 24.

20. In response to the allegations contained in paragraph 25, Defendants admit that "Jail I" was opened on West 3rd Street and Lakeside Avenue in Cleveland, Ohio. Defendants further admit

that the County was under a Consent Decree from 1997 through 1994 related to the jail at West 3rd and Lakeside Avenue. Defendants further state that the decision in *Watts v. McFaul, et al.* speaks for itself. Defendants deny the remaining allegations or representations made in the allegations contained in paragraph 25.

21. In response to the allegations contained in paragraph 26, Defendants admit that the County submitted a bond issue to the voters concerning the construction of Jail II. Defendants state that the decision or orders issued in *Watts v. McFaul, et al.* speaks for themselves. Defendants deny the remaining allegations or representations made in the allegations contained in paragraph 26.

22. In response to the allegations contained in paragraph 27 of the Complaint, Defendants admit that people died in the jail in a four-month span. Defendants deny the remaining allegations or representations made in the allegations contained in paragraph 27.

23. In response to the allegations contained in paragraph 28, Defendants admit that the County hired Kenneth Mills as Director of Regional Corrections, and that he had responsibility for overseeing operations of the CCCC complex. Defendants further admit that deaths occurred in CCCC while Mr. Mills served as the Director of Regional Corrections. Defendants deny the remaining allegations or representations made in the allegations contained in paragraph 28.

24. In response to the allegations contained in paragraph 29, Defendants admit that detainees/inmates and their families raised concerns and complaints about the jail. Defendants admit that jail staff have left the employment of the County. Defendants further admit that judges have expressed concerns about the jail. Defendants deny the remaining allegations or representations made in the allegations contained in paragraph 29.

25. In response to the allegations contained in paragraph 30(a)-(f), Defendants state that the Ohio Department of Rehabilitation and Corrections' (ODRC) Bureau of Adult Detention's

November 2017 inspection speaks for itself. Defendants deny the remaining allegations or representations made in the allegations contained in paragraph 30 and its subparts.

26. In response to the allegations contained in paragraphs 31, 32, and 33, Defendants state that the Pretrial Justice Institute's report speaks for itself. Defendants deny the remaining allegations or representations made in the allegations contained in paragraphs 31, 32, and 33.

27. In response to the allegations contained in paragraph 34, Defendants state that Mr. Mills' statements to County Counsel speak for themselves. Defendants deny the remaining allegations or representations made in the allegations contained in paragraph 34.

28. Defendants deny the allegations contained in paragraph 35. CMBA did not hold a "Hot Talk" event on December 13, 2018). Notwithstanding, Defendants state that any comments made by Ms. Carney at a "Hot Talk" event speak for themselves.

29. Defendants deny the allegations contained in paragraphs 36 and 37.

30. In response to the allegations contained in paragraph 38, Defendants admit that Cuyahoga County took over operations for the Cleveland City Jail and other municipal jail facilities. Defendants deny the remaining allegations or representations made in the allegations contained in paragraph 38.

31. In response to the allegations contained in paragraph 39, Defendants state the comments made by public officials during public meetings speak for themselves. Defendants deny the remaining allegations or representations made in the allegations contained in paragraph 39.

32. In response to the allegations contained in paragraph 40, Defendants admit that the United States Marshals Services released a Quality Assurance Facility report (USMS Report). Defendants state that the USMS Report speaks for itself. Defendants deny the remaining allegations or representations made in the allegations contained in paragraph 40.

33.     In response to the allegations contained in paragraphs 41-49, including all subparts, Defendants state that the USMS Report speaks for itself. Defendants deny the remaining allegations contained in these paragraphs, including to the extent Plaintiffs mischaracterize, misrepresent, or misstate any portion of the USMS Report.

34.     Defendants deny the allegations or representations made in the allegations contained in paragraphs 50 and 51.

35.     In response to the allegations contained in paragraph 52, Defendants state that the USMS Report speaks for itself. Defendants deny the remaining allegations contained in paragraph 52, including to the extent Plaintiffs mischaracterize, misrepresent, or misstate any portion of the USMS Report.

36.     In response to the allegations contained in paragraph 53, Defendants state that inmates died in the CCCC between June 2018 and October 2, 2018, some of which were suicides. Defendants further admit there were attempted suicides in the jail. Defendants deny the remaining allegations contained in paragraph 53.

37.     In response to the allegations contained in paragraph 54, Defendants admit that housing unit logs are confiscated after critical incidents. Defendants deny the remaining allegations or representations made in the allegations contained in paragraph 54.

38.     In response to the allegations contained in paragraph 55-56, Defendants state that the USMS Report speaks for itself. Defendants deny the remaining allegations contained in these paragraphs, including to the extent Plaintiffs mischaracterize, misrepresent, or misstate any portion of the USMS Report.

39.     Defendants deny the allegations contained in paragraph 57.

40.     In response to the allegations contained in paragraph 58, Defendants state that the USMS Report speaks for itself. Defendants deny the remaining allegations contained in these

paragraphs, including to the extent Plaintiffs mischaracterize, misrepresent, or misstate any portion of the USMS Report.

41. In response to the allegations contained in paragraphs 59-67, Defendants state that the USMS Report speaks for itself. Defendants deny the remaining allegations contained in these paragraphs, including to the extent Plaintiffs mischaracterize, misrepresent, or misstate any portion of the USMS Report.

42. In response to the allegations contained in paragraph 68(a)-(z), Defendants state that the USMS Report and Ohio Admin. Code §5120:1-8 speak for themselves. Defendants deny the remaining allegations contained in paragraph 68 and its subparts.

43. In response to the allegations contained in paragraph 69, Defendants admit that Gary Brack was a director of ambulatory care, and that he attended a Cuyahoga County Council meeting in 2018. Defendants deny the remaining allegations or representations made in the allegations contained in paragraph 69.

44. Defendants deny the allegations contained in paragraph 70.

45. In response to the allegations contained in paragraph 71, Defendants state that Mary Louise Madigan's statement speaks for itself. Defendants deny the remaining allegations or the representations made in the allegations contained in paragraph 71.

46. In response to the allegations contained in paragraph 72, Defendants admit that inmates died in Cuyahoga County's custody sometime after Brack's appearance at County Council in May 2018. Defendants deny the remaining allegations or representations made in the allegations contained in paragraph 72.

47. Defendants deny the allegations or representations made in the allegations contained in paragraph 73, 74, and 75 of the Complaint.

48. In response to the allegations contained in paragraph 76, Defendants state that the state inspector's finding speaks for itself. Defendants deny the remaining allegations or representations made in the allegations contained in paragraph 76.

49. Defendants deny the allegations contained in paragraph 77.

50. In response to the allegations contained in paragraph 78-79, Defendants state that Marcus Harris' statements speak for themselves. Defendants deny the remaining allegations or representations made in the allegations contained in paragraph 78-79.

51. Defendants deny the allegations contained in paragraph 80-83.

52. In response to the allegations contained in paragraph 84, Defendants admit that employees of Cuyahoga County publicly stated that steps to remedy issues in the USMS Report were undertaken. Defendants deny the remaining allegations contained in paragraph 84.

53. Defendants deny the allegations contained in paragraph 85.

54. In response to the allegations contained in paragraph 86, Defendants state that the USMS Report speaks for itself. Defendants deny the remaining allegations or representations made in the allegations contained in paragraph 86.

55. In response to the allegations contained in paragraph 87, Defendants admit that Cuyahoga County's Board of Control approved funding for a corrections consulting organization to make recommendations. Defendant that the article cited by Plaintiffs in paragraph 87 speaks for itself. Defendants deny the remaining allegations or representations made in the allegations contained in paragraph 87.

56. In response to the allegations contained in paragraph 88, Defendants admit that people remain in CCCC custody. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 88.

57. Defendants deny the allegations contained in paragraph 89 and 90.

*Tonya Clay*

58. In response to the allegations contained in paragraph 91, Defendants state that Tonya Clay (Clark) is a pretrial detainee, and is housed in CCCC. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 91.

59. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 92.

60. Defendants deny the allegation contained in paragraphs 93 and 94.

61. In response to the allegations contained in paragraph 95, Defendants admit that Ms. Clay has been red zoned at times. Defendants deny the remaining allegations contained in paragraph 95.

62. Defendants deny the allegations or representations made in the allegations contain in paragraph 96.

63. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 97 and 98.

64. Defendants deny the allegations contained in paragraph 99.

65. In response to the allegations contained in paragraph 100, Defendants admit that CCCC provide Ms. Clay with underwear, and that additional underwear may be purchased while she is in jail. Defendant further admits that men may purchase boxer shorts through the commissary. Defendants lack knowledge or information sufficient to form a belief whether the allegations contained in paragraph 100 are true.

66. In response to the allegations contained in paragraph 101, Defendants admit that Ms. Clay has a history of medical issues. Defendants deny that Ms. Clay was denied medical care for three months. Defendants lack knowledge or information sufficient to form a belief whether the remaining allegations contained in paragraph 101 are true.

67. In response to the allegations contained in paragraph 102, Defendants admit that Ms. Clay informed CCCC on intake that she suffered from PTSD. Defendants lack knowledge or information sufficient to form a belief whether the remaining allegations contained in paragraph 102 are true.

68. In response to the allegations contained in paragraph 103, Defendants lack knowledge or information sufficient to form a belief whether the allegations contained in paragraph 103 are true.

69. In response to the allegations contained in paragraph 104, Defendants admit that Ms. Clay had an altercation with another inmate and was temporarily moved to segregated housing. Defendants deny that Plaintiff was placed in segregated housing without a disciplinary hearing. Defendants lack knowledge or information sufficient to form a belief whether the remaining allegations contained in paragraph 104 are true.

70. In response to the allegations contained in paragraph 105 and 106, Defendants lack knowledge or information sufficient to form a belief whether the allegations contained in paragraph 105 are true.

71. In response to the allegations contained in paragraph 107, Defendants admit that Ms. Clay lacks unfettered access to a computer room or law library. Defendants deny the remaining allegations contained in paragraph 107.

*Anthony Bonner*

72. In response to the allegations contained in paragraph 108, Defendants admit that Anthony Bonner was previously held in the CCCC, but was released on or around January 3, 2019. Defendants lack knowledge or information sufficient to form a belief whether the remaining allegations contained in paragraph 108 are true.

73. In response to the allegations contained in paragraph 109, Defendants lack knowledge or information sufficient to form a belief whether the allegations contained in paragraph 109 are true.

74. In response to the allegations contained in paragraph 110, Defendants admit that Mr. Bonner has shared a cell with another inmate. Defendants deny the remaining allegations contained in paragraph 110.

75. In response to the allegations contained in paragraph 111, Defendants admit that inmates sharing a cell generally have a toilet, sink, and a bed. The remaining unoccupied portion of the cell may be used for sleeping, eating, sitting, or other activities. Defendants lack knowledge or information sufficient to form a belief whether the remaining allegations contained in paragraph 111 are true.

76. In response to the allegations contained in paragraph 112, Defendants state that inmates are currently provided two uniforms and that that these uniforms are laundered. Defendants further admit that when inmates are not wearing their uniforms they might be in their underwear or wrapped in a towel or sheet. Defendants deny the remaining allegations contained in paragraph 112.

77. In response to the allegations contained in paragraph 113, Defendants admit that inmates are initially issued a blanket and sheets, but not a pillow. Defendants deny the remaining allegations contained in paragraph 113.

78. Defendants deny the allegations contained in paragraph 114 and 115.

79. In response to the allegations contained in paragraph 116, Defendants admit that recreation time is provided to inmates. Defendants lack knowledge or information sufficient to form a belief whether the remaining allegations contained in paragraph 116 are true.

80. In response to the allegations contained in paragraph 117, Defendants lack knowledge or information sufficient to form a belief whether the allegations contained in paragraph 117 are true.

81. Defendants deny the allegations contained in paragraphs 118, 119, 120, 121.

82. Defendants lack knowledge or information sufficient to form a belief whether the allegations contained in paragraph 122 are true.

*James Martin*

83. In response to the allegations contained in paragraph 123, Defendants state that James Martin was released from CCCC on December 27, 2018. Defendants lack knowledge or information sufficient to form a belief whether the remaining allegations contained in paragraph 123 are true.

84. Defendants deny that Mr. Martin slept on the floor of the common area day room of a pod. Defendants lack knowledge or information sufficient to form a belief whether the remaining allegations contained in paragraph 124 are true.

85. In response to the allegations contained in paragraph 125, Defendants admit that inmates such as Mr. Martin share showers and phones. Defendants deny the showers are "riddled" with insects and "the shower curtain is covered in mold and scum." Defendants lack knowledge or information sufficient to form a belief whether the remaining allegations contained in paragraph 125 are true.

86. In response to the allegations contained in paragraph 126, Defendants admit that inmates/detainees are provided with cleaning supplies and materials. Defendants deny the remaining allegations contained in paragraph 126.

87. In response to the allegations contained in paragraph 127, Defendants admit that inmates are currently provided two uniforms, and that these uniforms are laundered. Defendants admit that when an inmate is not wearing a uniform, he might be in his underwear or wrapped in a towel or sheet. Defendants deny the remaining allegations contained in paragraph 127.

88. Defendants deny the allegations contained in paragraph 128.

89. Defendants admit that Mr. Martin indicated that he has a mental illness and has received medication for that mental illness. Defendants deny the remaining allegations contained in paragraph 129.

90. Defendants deny the allegations contained in paragraph 130.

91. Defendants lack knowledge or information sufficient to form a belief whether the allegations contained in paragraph 131 are true.

92. In response to the allegations contained in paragraph 132, Defendants admit that when inmates are in a red zoned pod, an inmate may be locked in a single cell with another inmate. Defendants further admit that one inmate might sleep on a bunk with a pad, while the other inmate sleeps on a pad. There is also a toilet and a sink in the cell for their use. Defendants deny the remaining allegations or representations made in the allegations contained in paragraph 132.

93. Defendants deny the allegations contained in paragraph 133. Furthermore the allegations contained in paragraph 133 call for legal conclusions to which no response is required.

94. In response to the allegations contained in paragraph 134, Defendants lack knowledge or information sufficient to form a belief whether the allegations contained in paragraph 134 are true.

### *Georgette Patterson*

95. In response to the allegations contained in paragraph 135, Defendants states that Georgette Patterson is no longer in the custody of CCCC related to misdemeanor conviction(s). Defendants lack knowledge or information sufficient to form a belief whether the remaining allegations contained in paragraph 135 are true.

96. Defendants lack knowledge or information sufficient to form a belief whether the remaining allegations contained in paragraphs 136 and 137 are true.

97. In response to the allegations contained in paragraph 138, Defendants lack knowledge or information sufficient to form a belief whether the allegations contained in paragraph 138 are true.

98. In response to the allegations contained in paragraph 139, Defendants deny that Ms. Patterson was denied access to necessary and proper medical care to treat infections over a period of months. Defendants lack knowledge or information sufficient to form a belief whether the remaining allegations contained in paragraph 139 are true.

99. Defendants lack knowledge or information sufficient to form a belief whether the remaining allegations contained in paragraph 140 are true.

100. In response to the allegations contained in paragraph 141, Defendants admit that Ms. Patterson indicated that she suffered from a mental illness. Defendants lack knowledge or information sufficient to form a belief whether the remaining allegations contained in paragraph 141 are true.

101. In response to the allegations contained in paragraph 142, Defendants admit that Ms. Patterson once shared a cell with another inmate. Defendants deny the remaining allegations or representations made in the allegations contained in paragraph 142.

102. Defendants deny the allegations contained in paragraph 143, 144, 145, and 146.

103. In response to the allegations contained in paragraph 147, women are provided sanitary pads and may request more. Defendants deny the remaining allegations contained in paragraph 147.

104. Defendants lack knowledge or information sufficient to form a belief whether the allegations contained in paragraph 148 are true.

105. Defendants deny the allegations contained in paragraph 149.

### *Zachary Scruggs*

106. Defendants deny the allegations contained in paragraphs 150-160 are denied. Defendants have no record of an inmate by the name of Zachary Scruggs in the jail.

### *Kindell Smith*

107. Defendants admit the allegations contained in paragraph 161.

108. In response to the allegations contained in paragraph 162, Defendants deny that Mr. Smith filed a grievance. Defendants lack knowledge or information sufficient to form a belief whether the remaining allegations contained in paragraph 162 are true.

15

109. In response to the allegations contained in paragraph 163, Defendants admit that Mr. Smith's phone privileges were restricted by court order, and that he was placed in segregated housing. Defendants deny the remaining allegations contained in paragraph 163.

*Jovan Varner*

110. In response to the allegations contained in paragraph 164, Defendants admit that Jovan Varner is a pretrial detainee and has been in CCCC since December 20, 2017. Defendants lack knowledge or information sufficient to form a belief whether the remaining allegations contained in paragraph 164 are true.

111. In response to the allegations contained in paragraph 165, Defendants deny that Mr. Varner received "very small portions" of cold food. Defendants lack knowledge or information sufficient to form a belief whether the remaining allegations contained in paragraph 165 are true.

112. Defendants lack knowledge or information sufficient to form a belief whether the remaining allegations contained in paragraph 166 are true.

113. Defendants deny the allegations contained in paragraph 167, 168, 169, and 170.

114. Defendants lack knowledge or information sufficient to form a belief whether the remaining allegations contained in paragraph 171 and 172 are true.

115. Defendants deny the allegations contained in paragraph 173 and 174.

### CLASS ACTION ALLEGATIONS

116. Defendants deny the allegations contained in paragraphs 175-224. These allegations call for legal conclusions to which no response is required.

### RESPONSE TO FIRST CLAIM FOR RELIEF

117. In response to the allegations contained in paragraph 225, Defendants incorporate their responses to paragraphs 1-224 as if fully restated herein.

118. Defendants deny the allegations contained in paragraphs 226-231.

**RESPONSE TO SECOND CLAIM FOR RELIEF**

119. In response to the allegations contained in paragraph 232, Defendants incorporate their responses to paragraphs 1-231 as if fully restated herein.

120. Defendants deny the allegations contained in paragraphs 233-238.

**RESPONSE TO THIRD CLAIM FOR RELIEF**

121. In response to the allegations contained in paragraph 239, Defendants incorporate their responses to paragraphs 1-238 as if fully restated herein.

122. Defendants deny the allegations contained in paragraphs 240-244.

**RESPONSE TO FOURTH CLAIM FOR RELIEF**

123. In response to the allegations contained in paragraph 245, Defendants incorporate their responses to paragraphs 1-244 as if fully restated herein.

124. Defendants deny the allegations contained in paragraphs 246-251.

125. To the extent the headings in Plaintiffs' Complaint are construed as allegations, said allegations are denied.

126. To the extent Defendants have failed to address any allegations in the Complaint, said allegations are expressly denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' Class Action Complaint, in whole or in part fails to state a claim upon which relief may be granted against these Defendants.

2. Plaintiffs' lack standing, have failed to assert justiciable claims, and Plaintiffs and/or putative class members have not suffered injuries or damages sufficient to support their alleged constitutional claims.

3. Plaintiffs' Class Action Complaint should be dismissed for failure to join a party under Rule 19.

4. Plaintiffs' Class Action Complaint should be dismissed for lack of subject matter jurisdiction.

5. Defendants are entitled to all immunities available under federal or state law, including, but not limited to, absolute and qualified immunity.

6. At all times hereto, Defendants acted reasonably and in good faith.

7. Plaintiffs have failed to exhaust available administrative remedies under federal and Ohio law.

8. Plaintiffs' claims are barred in whole or in part by the Prison Litigation Reform Act ("PLRA").

9. The proposed class action fails to meet the numerosity requirement under Fed.R.Civ.P. 23(a)(1).

10. The proposed class action fails to meet the commonality requirement under Fed.R.Civ.P. 23(a)(2).

11. The proposed class action fails to meet the typicality requirement under Fed.R.Civ.P. 23(a)(3).

12. The proposed class action fails because Plaintiffs cannot establish the requirements under Fed.R.Civ.P. 23(b).

13. The named plaintiffs will not adequately and fairly protect the interests of the proposed class, as required by Fed.R.Civ.P. 23(a)(4).

14. The Class Action Complaint should be dismissed, in whole or in part, as moot.

15. The Class Action Complaint should be dismissed, in whole or in part, as Plaintiffs' claims are not ripe for review.

16. Plaintiffs' Class Action Complaint should be dismissed because the named plaintiffs are not adequate representatives of the proposed class.

17. Even if Plaintiffs prevail on their claims, which they should not, they are not entitled to recover attorneys' fees that are unreasonable, excessive, unwarranted, unrelated to this litigation, or that exceed the caps on fees set forth in the PLRA.

18. Defendants specifically plead all affirmative defenses set forth in Fed.R.Civ.P. 8 that are applicable to this case or any and all other affirmative defenses and qualified and good faith immunities, all of which are pled and copied herein.

19. Defendants claim that one or more of Plaintiffs' claims are barred by laches, waiver, unclean hands, or the statute of limitations.

20. Defendants have complied with all requirement under the United States Constitution.

21. Defendants affirmatively plead that Plaintiffs' claimed injuries were caused by the legal fault of third parties over whom Defendants exercised no supervision or control, nor whom Defendant employed, such that said third party fault cannot be imputed to Defendants.

22. Plaintiffs alleged injuries were caused in whole or in part by intervening and/or superseding acts, events, or omissions of persons or entities other than Defendants.

23. Defendants reserve the right to assert additional defenses that may be revealed during discovery and such other matters as may arise during this litigation.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants Cuyahoga County, Ohio, Armond Buddish, Clifford Pinkney, George Taylor, and Brandy Carney respectfully pray that Plaintiffs' Complaint be dismissed with prejudice, that the Court enter judgment in Defendants' favor, grant Defendants' costs and attorneys' fees, and such other relief as the Court may deem just.

                Respectfully submitted

                MICHAEL C. O'MALLEY, Prosecuting Attorney of Cuyahoga County

By:  /s/ Brendan D. Healy_____
       DAVID G. LAMBERT (0030273)
       Tel: (216) 443-7829/ Fax: (216) 443-7602
       dlambert@prosecutor.cuyahogacounty.us
       CHARLES E. HANNAN, JR. (0037153)
       Tel: (216) 443-7758/ Fax: (216) 443-7602
       BRENDAN D. HEALY (0081225)
       Tel: (216) 698-6447/Fax: (216) 443-7602
       Email: bhealy@prosecutor.cuyahogacounty.us
       The Justice Center, Courts Tower
       1200 Ontario Street, 8th Floor
       Cleveland, Ohio 44113

       *Attorney for Defendants Cuyahoga County, Armond Buddish, Clifford Pinkney, Eric J. Ivey, George Taylor, and Brandy Carney*

## JURY DEMAND

    Defendants Cuyahoga County, Ohio, Armond Buddish, Clifford Pinkney, Eric Ivey, George Taylor, and Brandy Carney demand a trial by jury by the maximum number of jurors permitted by law for each claim and cause of action in the Complaint.

                By:  /s/ Brendan D. Healy_____ _____